Kevin M. Cuddy (Bar No. 0810062)
kevin.cuddy@stoel.com
Bryn R. Pallesen (Bar No. 1810104)
bryn.pallesen@stoel.com
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: 907.277.1900
Facsimile: 907.277.1920

*Attorneys for Plaintiff Raymond
James Trust, N.A., as Successor
Trustee to the SLCC Revocable Trust*

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND JAMES TRUST, N.A., as Successor Trustee to the SLCC Revocable Trust,<br><br>        Plaintiff,<br><br> v.<br><br>VONNA KAY HUSBY and HUSBY LEGACY INC.,<br><br>        Defendants. | Case No.: 3:19-cv-00138-HRH |

**PLAINTIFF'S COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF, AND DAMAGES**

### I.  INTRODUCTION

1. Plaintiff Raymond James Trust, N.A. ("RJT" or the "Successor Trustee"), in its capacity as successor trustee to the SLCC Revocable Trust, brings this suit seeking

*Raymond James Trust, N.A. v. Husby, et al.*
Case No. 3:19-cv-00183-HRH       1

injunctive relief, provisional relief to preserve assets during the pendency of this suit, and other damages arising out of the defendants' improper conversion of millions of dollars from the trust of Sarah C. Crawford ("Crawford"), a terminally ill elderly woman, just weeks prior to her death. Defendants wrongfully caused millions of dollars to be transferred from Crawford's accounts to accounts they controlled – for their own use and benefit – in the weeks prior to Crawford's death earlier this year.

2. Plaintiff is the duly appointed Trustee for Crawford's estate pursuant to the SLCC Revocable Trust, Amended and Restated on April 28, 2018 (the "Trust"). Under the terms of the Trust, Plaintiff is to distribute certain real property and to make certain cash distributions to local charities, sports clubs, and the University Fire Department in and around Fairbanks. RJT is then to distribute the remainder of Crawford's trust fund to three educational institutions.

3. As of January 31, 2019, the Trust held $11,267,524.09 in an investment account (the "RJFS Account") at Raymond James Financial Services, Inc., ("RJFS"). Husby was a registered independent contractor financial advisor affiliated with RJFS, and Crawford was her client. On information and belief, Crawford entered hospice care in or about January 2019. During February 2019, more than $10 million was withdrawn from the RJFS Account (more than 90%) and transferred to accounts either controlled by the Defendants or apparently intended to be controlled by the Defendants, leaving less than a million dollars in the account.

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

4. Crawford died on March 5, 2019.

5. Of the roughly $10.5 million withdrawn in the weeks immediately preceding Crawford's death, roughly half ended up in Husby Legacy Inc.'s bank account, which is controlled by Husby. Much of the remainder went to a "donor advised fund" held by the Raymond James Charitable Endowment Fund, but the named beneficiary of these funds on Crawford's death was not any of the entities identified in the Trust. Instead, it was "Legacy Inc." On information and belief, Husby inserted the name "Legacy Inc." in the form but intended to refer to Husby Legacy Inc., since the Federal Tax Number for both entities is the same.

6. Aside from the amounts currently held in these accounts, Husby has already written checks for tens of thousands of dollars to family members and colleagues from Husby Legacy Inc.'s bank account (funded by the monies taken from the Trust). Successor Trustee is still attempting to determine where the remainder of the funds may be.

7. Absent a temporary restraining order and other provisional relief, defendants Husby and Husby Legacy Inc. will continue to deplete the funds from the relevant accounts and spend trust proceeds that were intended to be made available to legitimate charities under the terms of the Trust.

## II.    JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332

because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

9. Venue is proper in this District under 28 U.S.C. § 1391 because the Defendants are residents of the State of Alaska and reside in this District, and a substantial part of the events or omissions giving rise to the underlying claims occurred in this District.

### III. PARTIES

10. Raymond James Trust, N.A., as Successor Trustee to the SLCC Revocable Trust, is a national association and subsidiary of Raymond James Financial, Inc. It is headquartered in St. Petersburg, Florida. Successor Trustee provides comprehensive trust services to its customers. On May 1, 2019, Successor Trustee accepted to serve as the successor trustee of the Trust upon Crawford's death.

11. Defendant Vonna Kay Husby ("Husby") is a resident of Fairbanks, Alaska. Husby served as Crawford's financial advisor beginning in roughly 2003. According to an Affidavit for Collection of Personal Property of Decedent submitted by Husby on April 5, 2019, Husby averred that she was the successor of Crawford because "Crawford left me in charge of estate and [Husby] formerly had POA [power of attorney]."

12. Defendant Husby Legacy Inc. (Entity #10098261) is an Alaska nonprofit corporation that was formed on or about January 21, 2019 – roughly six weeks before Crawford died. Husby is listed as the registered agent. Her family members comprise

the three directors. The address of the entity is Husby's residence in Fairbanks, Alaska.

## IV. FACTUAL BACKGROUND

13. Husby was an Independent Financial Advisor of RJFS and operated an independent financial advisory firm in Fairbanks, Alaska. Husby associated with RJFS as a license registered representative on or about August 15, 2003.

14. One of Husby's clients was Sarah C. Crawford, Trustee, of the SLCC Revocable Trust, Amended and Restated on April 28, 2018 (the "Trust"). Sarah C. Crawford ("Crawford"), an individual, was trustee of the Trust. The Trust named Raymond James Trust, N.A, as successor trustee in the event of Crawford's death. The Trust directed distributions of real property to certain foundations and individuals upon Crawford's death, and directed cash distributions to certain schools, foundations, and charitable organizations. The balance of the Trust after these specified distributions was to be disposed to certain educational institutions – not Husby or Husby Legacy. The Trust was created by Crawford's estate attorney, Michael J. Cavaliere of Cavaliere Law Firm, LLC ("Cavaliere").

15. The Trust owned an investment account with RJFS managed by Husby (the "RJFS Account"). As of January 31, 2019, the RJFS Account had cash and securities valued at over $11,250,000.

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

16. In January 2019, Crawford was 80 years old and terminally ill. On information and belief, Crawford was on hospice care in January and February 2019, until her death on March 5, 2019.

17. On or around January 21, 2019, prior to Crawford's death, Husby incorporated an Alaska domestic nonprofit corporation named Husby Legacy Inc. ("Husby Legacy") using LegalZoom software. Husby named herself the Registered Agent of Husby Legacy, and her family members Fred Husby, Martin Husby and Tim[1] Swisher as directors. Husby then opened a bank account at Mt. McKinley Bank in the name of Husby Legacy (the "Husby Legacy Bank Account"). She named herself and Crawford as co-signers on the Husby Legacy Bank Account, although Crawford is not listed on any of the Husby Legacy formation documents.

18. In February 2019, in a series of transfers from February 7 to 20, approximately $5,489,433.31 was transferred from the RJFS Account to a separate account at Mt. McKinley Bank owned by the Trust. $5,472,368.95 (99.7%) was then immediately transferred from that account to the Husby Legacy Bank Account. The transfers were all done over the internet. There is no evidence that Crawford authorized these transfers or had the mental capacity to authorize these transfers.

19. In February 2019, Husby also submitted the paperwork for the creation of a donor advised fund with Raymond James Charitable Endowment Fund (the "Endowment

---

[1] This appears to be a typographical error and should instead refer to "Kim" Swisher, Husby's daughter.

*Raymond James Trust, N.A. v. Husby, et al.*
Case No. 3:19-cv-00183-HRH                                6

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

Fund") that was ultimately called the Sarah C. Crawford Memorial Fund (the "Crawford Memorial Fund"). The Crawford Memorial Fund was funded with $5,178,375.38 in cash and securities transferred from the RJFS Account. The Crawford Memorial Fund named "Legacy Inc. 501(C)3 Non Profit" as the beneficiary charity upon Crawford's death, and named "Hospice" as a contingent beneficiary. As an RJFS financial advisor, Husby was to receive fees in connection with funds placed with the Endowment Fund. Husby Legacy and "Hospice" were not beneficiaries of the Trust. There is no evidence that Crawford authorized these transfers or had the mental capacity to authorize these transfers, although a signature that is purportedly Crawford's appears on the account opening documents for the Crawford Memorial Fund.

20. The funds in the Crawford Memorial Fund are held by the Endowment Fund, which is aware of questions regarding the legitimacy of the transfers at issue and has indicated it will not oppose to the granting of injunctive relief while the Court determines how the funds should be distributed.

21. Husby engaged in all of these transfers without any input or direction from Crawford's estate attorney Cavaliere.

22. Crawford died on March 5, 2019.

23. On or about April 22, 2019, a representative for the Successor Trustee was contacted by a sales assistant in Husby's office. The sales assistant expressed concern about multiple large transactions from the RJFS Account to the Husby Legacy Bank

*Raymond James Trust, N.A. v. Husby, et al.*
Case No. 3:19-cv-00183-HRH            7

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

Account and the Crawford Memorial Fund. The sales assistant advised that Husby had written her a check for $100,000 from Husby Legacy on or about April 19, 2019. Husby stated that the $100,000 payment was a "marathon grant" given to the sales assistant because she loved marathons.

24. Further investigation, including an interview of Husby, revealed a number of additional suspicious transfers.

25. A check register showed three payments of $15,000 each in April 2019, which Husby represented were donations for "Women in Crises" and the "390th Memorial Museum." In reality, these checks were written to Husby's family members from the Husby Legacy Bank Account.

26. Husby disclosed that, on February 19, 2019, she paid $100,000 to four people by checks (which she wrote; not Crawford) from the bank account held by the Trust.

27. In addition, $60,000 was withdrawn from the Husby Legacy Bank Account on March 22, 2019 – after Crawford's death. Husby claimed that was a charitable donation, but could not recall the organization that received the money.

28. As of April 30, 2019, the Husby Legacy Bank Account statement shows $4,869,671.81 in cash. The Husby Legacy Bank Account was originally funded in February 2019 with $5,489,433.31 from the RJFS Account. The Successor Trustee

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

understands that the $100,000 was the so-called "marathon grant," but the Successor Trustee does not know where the missing $519,761.50 has gone.

29. In the absence of injunctive relief and an asset freeze, the assets at issue are likely to be dissipated further. Husby has already transferred millions from the Trust's bank account and the RJFS Account and she has written checks for hundreds of thousands of dollars to assorted individuals and entities in the past few months.

## COUNT 1
## CONVERSION

30. Successor Trustee incorporates the preceding paragraphs as if fully set forth herein.

31. In the weeks immediately preceding Crawford's death and continuing through today, Defendants Husby and Husby Legacy intentionally exercised dominion and control over millions of dollars of the Trust's RJFS Account.

32. Defendants Husby and Husby Legacy Inc.'s wrongful actions seriously interfered with the right of Successor Trustee to control the Trust's assets and distribute the proceeds in accordance with Crawford's wishes.

33. Successor Trustee, in its capacity as trustee of the Trust, has been damaged as a result of Defendants Husby and Husby Legacy's actions.

34. Due to their misconduct, Defendants Husby and Husby Legacy are required to return to Successor Trustee the full value of the money they improperly took so that Successor Trustee may properly distribute the proceeds in accordance with Crawford's

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

wishes.

## COUNT 2
## UNDUE INFLUENCE

35. Successor Trustee incorporates the preceding paragraphs as if fully set forth herein.

36. Defendant Husby was in a confidential relationship with Crawford in February and March 2019. Among other things, Husby was Crawford's financial advisor and was designated through a durable power of attorney as Crawford's agent for health care decisions.

37. Crawford imposed a special confidence in Husby such that Husby, in equity and good conscience, was bound to act in good faith and with due regard to the interests of Crawford.

38. Defendant Husby benefited from her confidential relationship through, among other things, the transfer of millions of dollars to accounts directed entirely or primarily by Defendant Husby. In recent months, Husby has been writing checks for hundreds of thousands of dollars of these funds to assorted persons and entities.

39. There is a rebuttable presumption that Defendant Husby obtained these millions of dollars, including payments made to Husby Legacy, through her undue influence of Crawford. Husby cannot overcome this presumption.

40. Successor Trustee is entitled to rescission of all payments that Husby caused to occur from the Trust, including the RJFS Account, since at least February 1,

*Raymond James Trust, N.A. v. Husby, et al.*
Case No. 3:19-cv-00183-HRH 10

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

2019.

# COUNT 3
# UNJUST ENRICHMENT

41. RJT incorporates the preceding paragraphs as if fully set forth herein.

42. Defendants Husby and Husby Legacy have unjustly retained a benefit to the detriment of the Trust (and the Trust's rightful beneficiaries), and their retention of the benefit violates the fundamental principles of justice, equity, and good conscience.

43. As an expected and intended result of their conscious wrongdoing as set forth in this Complaint, Defendants Husby and Husby Legacy profited and benefited from the proceeds they siphoned from the Trust.

44. Accordingly, under principles of equity, Defendants Husby and Husby Legacy should be disgorged of money retained by reason of their illegal acts that in equity and good conscience belong to the Trust as administered by Successor Trustee.

45. Successor Trustee is entitled to an asset freeze because there is a likelihood of dissipation of the claimed assets, or other inability to recover monetary damages, if relief is not granted.

WHEREFORE, Successor Trustee respectfully requests that this Court enter judgment in its favor against defendants Husby and Husby Legacy as follows:

A. Issue a temporary restraining order, and, after a hearing, a preliminary injunction to be made permanent on final judgment prohibiting Defendants Husby and Husby Legacy from using or distributing any of the proceeds from

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

the Trust and the RJFS Account, including those amounts Husby and Husby Legacy obtained since February 1, 2019;

B. A prejudgment writ of attachment or other provisional relief to preserve assets until Successor Trustee's claims against defendants can be resolved; and

C. An award to Successor Trustee for damages suffered in an amount to be proven at trial, including punitive damages;

D. An order disgorging all amounts that Husby and Husby Legacy wrongfully obtained from the Trust, including the RJFS Account;

E. An award of attorneys' fees and costs of this action;

F. An award of pre-judgment interest; and

G. Grant such other further relief as this Court deems just and equitable.

DATED: May 15, 2019

STOEL RIVES LLP

By: /s/ Kevin M. Cuddy
    Kevin M. Cuddy (Bar No. 0810062)
    Bryn R. Pallesen (Bar No. 1810104)

*Attorneys for Plaintiff Raymond James Trust N.A., as Successor Trustee to the SLCC Revocable Trust*

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

## Certificate of Service

I hereby certify that on May 15, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. I further certify that a copy of the foregoing document will be served at the same time and in the same manner as the Complaint and Summons.

/s/ Kevin M. Cuddy
Kevin M. Cuddy

101887497.5 0065816-00008

*Raymond James Trust, N.A. v. Husby, et al.*
Case No. 3:19-cv-00183-HRH 13