WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RAYMOND JAMES TRUST, N.A., as )
Successor Trustee to the SLCC Revocable )
Trust, )
                                              Plaintiff, )
   vs. )
VONNA KAY HUSBY and HUSBY )
LEGACY INC., )
                                       No. 3:19-cv-0138-HRH
                                 Defendants. )

O R D E R

Motion for Attachment and Preliminary Injunction[1]

Plaintiff Raymond James Trust, N.A., as successor trustee of the SLCC Revocable Trust, moves for a writ of attachment and preliminary injunction. By order of May 16, 2019, the court scheduled this motion for a hearing on May 21, 2019. At that hearing, defendants appeared in person and through counsel. Defendant Vonna Kay Husby offered substantial testimony and was subject to cross-examination by counsel for plaintiff. In the course of Ms. Husby's testimony, counsel orally proposed stipulations with respect to plaintiff's motion for a preliminary injunction, and those oral stipulations have now been reduced to writing.[2]

---

[1]Docket No. 5.

[2]Docket No. 22.

ORDER – Motion for Attachment and Preliminary Injunction          - 1 -

The parties' stipulation places a freeze on the Husby Legacy, Inc., Account No. XXX-XXX3450 at the Mt. McKinley Bank. The stipulation does not address the Crawford Memorial Fund or other Raymond James Trust/SLCC Revocable Trust accounts which were discussed during the hearing of May 21, 2019. The court assumes that those accounts have been administratively secured to plaintiff's satisfaction. The parties' stipulation is approved.

As a result of the above described stipulation, plaintiff's motion for a preliminary injunction is rendered moot. There is no risk of future harm to the SLCC Revocable Trust or other Crawford assets. The parties' stipulation will serve to preserve the <u>status quo</u> pending a resolution of plaintiff's complaint. Plaintiff's motion for a preliminary injunction is denied.

Plaintiff also seeks a writ of attachment. Such writs are the subject of Rule 64, Federal Rules of Civil Procedure, which makes relief such as attachment available in accordance with the laws of the state in which the court is located. AS 09.40.0l0(a) authorizes the issuance of writs of attachment for purposes of securing the satisfaction of a judgment which may be entered. Section (a)(l) limits the availability of attachment to cases based upon an express or implied contract for the payment of money where there is no security for the contract.

Plaintiff's complaint contains three counts: conversion, undue influence, and unjust enrichment. As the Alaska Supreme Court has explained in <u>Alaska Sales & Service, Inc. v. Millet</u>, 735 P.2d 743, 746 (Alaska 1987):

> [U]njust enrichment is not in and of itself a theory of recovery. Rather, it is a prerequisite for the enforcement of the doctrine of restitution[.] Restitution, in turn, is not a "cause of action" but rather a remedy for various causes of actions.

Here, plaintiff's complaint does not expressly assert a contract implied in law. But, as the Alaska Supreme Court has further observed:

> Courts generally treat actions brought upon theories of unjust enrichment, quasi-contract, contracts implied in law and <u>quantum meruit</u> as essentially the same.

<u>Id.</u> at 746 n.6. The court concludes that pre-judgment relief in the form of attachment is available based upon plaintiff's Count 3.

Plaintiff recognizes that "[t]o obtain a prejudgment attachment, a plaintiff must show 'by a preponderance of the evidence the probable validity of the plaintiff's claim for relief ... and the absence of any reasonable probability that a successful defense can be asserted by the defendant.'"[3] Plaintiff also recognizes that its burden of proof in seeking a preliminary injunction is substantially the same as that required for a prejudgment writ of attachment.[4]

Based upon plaintiff's affidavits and the testimony of defendant Vonna Husby, it is not at all clear to the court that either defendant has been unjustly enriched by Ms. Husby's actions on behalf of her client, Sarah C. Crawford, or Crawford's SLCC Revocable Trust. The evidence as to the validity of plaintiff's unjust enrichment claim is in substantial conflict. Ms. Husby has offered credible testimony that all of her actions – including formation of the Crawford Memorial Fund, the formation of Husby Legacy, Inc., and the opening of the -3450 Husby Legacy, Inc., account at Mt. McKinley Bank – were all in

---

[3]Plaintiff's Memorandum in Support of Motion for Temporary Restraining Order [etc.] at 13-14 (alteration in original) (quoting Moran v. Estate of Aase, 236 F.R.D. 649, 650 (D. Alaska 2006)), Docket No. 6.

[4]<u>Id.</u> at 14.

furtherance of Crawford's directions to Ms. Husby. There is a reasonable probability that the defendants would succeed in defending plaintiff's unjust enrichment claim.

Plaintiff's motion for a writ of attachment is denied.

DATED at Anchorage, Alaska, this <u>23rd</u> day of May, 2019.

<u>/s/ H. Russel Holland</u><br>
United States District Judge